NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEADER TECHNOLOGIES, INC.**
*Plaintiff-Appellant,*

v.

**FACEBOOK, INC.**
*Defendant-Appellee,*

---

2011-1366

---

Appeal from the United States District Court for the District of Delaware in Case No. 08-CV-0862, Judge Leonard P. Stark.

---

## ON MOTION

---

Before LOURIE, MOORE, and WALLACH, *Circuit Judges.*

PER CURIAM.

## O R D E R

The court has received a renewed motion for leave to file an amicus curiae brief from Lakshmi Arunachalam, Ph.D. The underlying appeal for which Dr. Arunachalam wishes to serve as amicus curiae was *Leader Techs., Inc. v. Facebook, Inc.* A jury in that case found that Facebook proved that Leader's U.S. Patent 7,139,761 was invalid due to the on-sale bar of 35 U.S.C. § 102(b). The district court judge denied a motion for judgment as a matter of

law. This court unanimously affirmed the district court's judgment, with opinion. *Leader Techs., Inc. v. Facebook, Inc.*, 678 F.3d 1300 (Fed. Cir. 2012).

An earlier such amicus curiae brief was denied entry by the court as moot because the court had already denied Leader's petition for rehearing. It also exceeded the word count for amicus briefs set forth in Federal Circuit Rule 35(g) and was untimely, having been filed over two weeks after the prescribed time for filing an amicus brief.

While the court normally does not provide a written opinion when denying admission of an amicus brief in violation of several rules of the court, the allegation of ethical impropriety in the latest brief justifies a response.

It should be emphasized that the *Leader Tech.* appeal to this court is over. A decision has been rendered and a petition for rehearing en banc has been denied. The same defects in the prior amicus brief denied entry persist. Moreover, an additional defect has been noticed in that Federal Rule of Appellate Procedure 29(c)(5) requires that an amicus brief contain a certification that the purported amicus has no financial ties to any party in the case. No such certification appears in any brief Dr. Arunachalam filed with this court. The court is entitled to adherence to its rules, and any purported amicus is charged with learning the court's rules and conforming to them if she has any claim to serving as a friend of the court in resolving the cases before it, including timely submission. That has not occurred here.

In sum, it would be virtually unprecedented for a court to reverse a decision after it had been rendered, and a petition for rehearing denied, based on an amicus curiae brief filed out of time and otherwise not in conformity with court rules.

The latest brief argues that the judges of this court had a conflict of interest in the *Leader Tech.* case because

of ownership of Facebook stock. That is incorrect. No judge on this three-judge panel owns or has owned Facebook stock. The brief argues that mutual funds owned by judges on the panel have owned or do own Facebook stock. But that is not a conflict of interest.

Canon 3 C (3)(c)(i) of the Code of Conduct for United States Judges expressly provides that "ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." Such a provision is intended to provide a safe harbor for judges to maintain investments. Without such a provision, judges would be constantly recusing themselves from cases brought before them, hampering the administration of justice. It should be noted that with almost all publicly available mutual funds judges have no say in the management of the funds and no knowledge of the securities held by the fund, until reports are issued by the fund months after its reporting period has closed.

Allusions to asserted ethical improprieties in connection with the *Leader Tech.* case are unfounded. Asserting that the court's decision was "conveniently" issued within hours of Facebook's IPO Road Show, and that the denial of the rehearing petition was "suspiciously timed" within hours of Leader's chairman's appearance on a Fox News interview, the brief refers to coincidences that were not known to the judges of the court. The court issues decisions as promptly as possible, often based on express deadlines set out in our internal procedures, without any consideration of external events. Whatever activities occurred outside this court involving parties to this or any other case have no influence on the timing of the court's actions.

Finally, arguments in the brief that particular judges and officers of the court have gone to law school with or spoken together at continuing legal education conferences

with lawyers or witnesses involved in this case and hence that such contacts raise conflicts are similarly unsound. Judges come from the legal community and therefore know many lawyers well. They do not recuse themselves from cases just because they are acquainted with lawyers who come before them. Moreover, judges are encouraged to participate in extrajudicial activities in furtherance of legal education. "A judge may speak, write, lecture, teach, and participate in other activities concerning the law, the legal system, and the administration of justice." Canon 4 A (1) of the Code of Conduct for United States Judges. In doing so, judges necessarily encounter lawyers and teachers. In organizing a court's own judicial conference, every circuit invites lawyers to participate in their non-judicial activities. These activities do not themselves constitute improper contacts that raise ethical violations.

For reasons stated above, the motion to have Dr. Arunachalam's brief entered into the court records is once again **DENIED**.

IT IS ORDERED THAT:

(1) The motion is denied.

FOR THE COURT

August 10, 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Paul J. Andre, Esq.
Thomas G. Hungar, Esq.
Lakshmi Arunachalam, Ph.D.

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 0 2012

JAN HORBALY
CLERK